GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ALEXANDER J. HOGAN
    Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2799
Fax No. (212) 637-2686

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

UNITED STATES OF AMERICA,

    Plaintiff,

v

JOSEPH CERVONE and PEOPLEWORKS, INC.,

    Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

19 Civ. 05407 (\_\_\_)(\_\_\_)

Plaintiff the United States of America (the "United States") alleges as follows:

1. The United States brings this action to seek a permanent injunction against tax preparer Joseph Cervone ("Cervone"), who has admitted to perpetrating a tax fraud scheme that resulted in the filing of false and fraudulent tax returns, and against tax preparer Peopleworks, Inc. ("Peopleworks"), the company Cervone founded and operated and through which he prepared false and fraudulent tax returns.

2. Specifically, pursuant to sections 7402, 7407, and 7408 of the Internal Revenue Code (the "I.R.C."), 26 U.S.C. §§ 7402, 7407, 7408, the United States seeks the entry of an injunction against Cervone and Peopleworks (collectively, "Defendants") to permanently bar them from: (1) preparing federal tax returns for others; (2) owning, managing, controlling, working for, profiting from, or volunteering for any entity engaged in tax return preparation; (3) engaging in any activity

subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and (4) engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Jurisdiction and Venue

3. Pursuant to 26 U.S.C. §§ 7401, 7402, 7407, and 7408, this action has been commenced at the direction of a delegate of the Attorney General of the United States based on a request by a delegate of the Secretary of the Treasury.

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 26 U.S.C. § 7402(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the actions giving rise to this suit took place in this District, and pursuant to 26 U.S.C. §§ 7407(a) and 7408(a) because Defendants have engaged in specified conduct, which the United States is seeking to enjoin, in this District.

## Defendants' Tax Fraud Scheme

6. Cervone has been licensed as a certified public account in New York since 1978.

7. In 1993, Cervone founded Peopleworks, a tax return preparation business. Cervone is the sole shareholder of Peopleworks, whose most recent address is 18 Martine Avenue, White Plains, New York 10606. According to its tax returns, Cervone is Peopleworks's only employee. Through Peopleworks, Cervone prepared approximately 500 individual returns and 100 business returns per year.

8. Abnormalities related to Cervone's tax filings first came to light when the Internal Revenue Service ("IRS") performed a limited-scope examination of his 2007-2009 personal income-tax returns.

9. In the course of this examination, the IRS determined that Cervone, over the course of a several year period, had improperly deducted $342,000 for contributions to a self-employed retirement plan, which he was unable to substantiate.

10. Because of these findings, the IRS then decided to examine Peopleworks, which uncovered the tax fraud scheme described herein.

11. Pursuant to this tax fraud scheme, from 2009 to 2012, Defendants filed false tax returns claiming more than $23 million in fraudulent energy and coal credits on behalf of their clients in order to obtain improper tax refunds for them. Many of the taxpayers claimed credits relating to losses from partnerships supposedly associated with renewable electricity and coal production. Those partnerships were not bona fide businesses, however, but rather were associated with Cervone and made no actual energy investments.

12. In addition, Cervone filed false individual tax returns for tax years 2010 and 2011 that failed to report more than $500,000 of his income.

13. Defendants continued their fraudulent and deceptive practices after their energy and coal credit scheme ended. On tax returns they prepared after 2012, their clients improperly claimed large, unsubstantiated "other" expenses, usually associated with the losses of pass-through entities owned by the clients. When IRS agents asked Cervone, who held power of attorney for his clients, for documentation substantiating these expenses, he alternately claimed that documents were lost due to computer malfunctions, apologized for not being more diligent in requesting records from his clients, or blamed his clients for sloppy bookkeeping.

14. As one example of the fraudulent scheme related to claiming large, unsubstantiated expenses, the IRS examined the tax returns for one of Defendants' clients for fiscal years 2012, 2013, and 2014. This examination resulted in multiple adjustments including an improperly claimed capital loss of $98,400. When the taxpayer was asked about this loss, he

stated that he did not know where this figure came from, and that he believed that Defendants had prepared his tax returns accurately based on the information he provided.

15. Of the approximately 500 individual returns and 100 business returns Defendants filed per year, the IRS examined a total of 132 returns from 2015 to 2017. Of those it examined, 49% had a deficiency with an average of $17,457.

### Cervone's Criminal Conviction

16. In March 2017, Cervone was charged in this District on an Information based on his perpetration of the above-described energy and coal tax fraud scheme and falsely reporting his personal income. *See United States v. Cervone*, No. 17-cr-141 (NSR) (S.D.N.Y.).

17. Later that month, Cervone pled guilty to one count of obstructing and impeding the due administration of the IRS in violation of 26 U.S.C. § 7212(a), and one count of subscribing to false tax returns in violation of 26 U.S.C. § 7206(1). He was sentenced to a 22-month term of imprisonment, and is expected to be released from custody on July 19, 2019. He was also assessed $15,200 in criminal monetary penalties and a one-year term of supervised release was imposed. In its order imposing judgment, the sentencing court noted that the IRS had already seized and recovered funds for restitution. These funds were recovered from limited liability companies controlled by Cervone. In total, the IRS seized $16,532,508.54 in restitution.

18. In his plea allocution, Cervone admitted that he had "prepar[ed] and caus[ed] to be filed" income tax and partnership tax returns on behalf of clients "which contained coal credits and losses they were not entitled to."

19. In addition to filing false returns for his clients, Cervone also admitted that he had falsely understated his own income. In his allocution, Cervone stated that he "[f]iled income tax returns on behalf of [himself] which falsely understated the amount of income received and had

personal expenses paid by the LLC knowing that the LLC would not report those payments to the IRS and therefore defeated the reporting process and the IRS's ability to detect income and verify the accuracy of filed federal returns." Cervone further admitted that he had "falsely prepare[d] and sign[ed] under penalty of perjury [his] individual tax returns where [he] under-reported income in an amount exceeding $500,000."

### Count I - Injunction Under 26 U.S.C. § 7407

20. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-19 above.

21. Section 7407 of the I.R.C., 26 U.S.C. § 7407, authorizes the Court to enjoin a person from acting as a tax return preparer if it finds that he has engaged in conduct subject to penalty under 26 U.S.C. § 6694(b) and that injunctive relief is appropriate to prevent the recurrence of the conduct. Section 6694(b) imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of tax liability.

22. As set forth above, Defendants Cervone and Peopleworks are tax return preparers within the meaning of 26 U.S.C. § 7701(a)(36).

23. As tax return preparers, Defendants continually and repeatedly engaged in conduct—namely, participating in the tax fraud schemes described above—that was subject to penalty under 26 U.S.C. § 6694(b) by preparing federal income tax returns that they knew contained false and/or fraudulent information, credits, and/or deductions.

24. In furtherance of their tax fraud scheme, Defendants continually and repeatedly prepared federal income tax returns knowing that the returns would result in understatements of tax by claiming fraudulent credits or deductions and by claiming fictitious and inflated expenses.

25. Further, Defendants engaged in other fraudulent or deceptive conduct that substantially interfered with the proper administration of the internal revenue laws.

26. Defendants' conduct is subject to penalty under 26 U.S.C. § 6694(b). But penalties alone will not deter them from reverting to such conduct. Unless enjoined, Defendants are likely to continue to prepare tax returns that they know or should know will result in the understatement of tax liability.

27. In the absence of an injunction, the United States will be put at risk of providing tax refunds to taxpayers not entitled to such refunds due to Defendants' preparation of tax returns for those taxpayers that do not report or pay the correct amounts of federal taxes owed. In that event, the IRS will have to devote substantial time and resources to identifying and locating their customers and examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

28. Pursuant to 26 U.S.C. § 7407, the Court should permanently enjoin Cervone and Peopleworks from preparing or filing federal tax returns for others.

## Count II - Injunction Under 26 U.S.C. § 7408

29. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

30. Section 7408 of the I.R.C., 26 U.S.C. § 7408, authorizes the Court to enjoin any person from engaging in conduct that is subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to prevent the recurrence of that conduct. Section § 6701, in turn, penalizes any person who aids or assists in the preparation of any portion of a federal tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it would result in an understatement of another person's tax liability.

31. As set forth above, Defendants Cervone and Peopleworks continually and repeatedly engaged in conduct that was subject to penalty under 26 U.S.C. § 6701 by preparing federal income tax returns for others knowing that the returns improperly claimed tax deductions or credits and thereby illegally understated their customers' federal tax liabilities.

32. Defendants' conduct is subject to penalty under 26 U.S.C. § 6701. But penalties alone will not deter them from reverting to such conduct. Unless enjoined, Defendants are likely to continue to prepare tax returns that they know or should know will result in the understatement of tax liability.

33. In the absence of an injunction, the United States will be put at risk of providing tax refunds to taxpayers not entitled to such refunds due to Defendants' preparation of tax returns for those taxpayers that do not report or pay the correct amounts of federal taxes owed. In that event, the IRS will have to devote substantial time and resources to identifying and locating Defendants' customers and examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

34. Pursuant to 26 U.S.C. § 7408, the Court should permanently enjoin Defendants from engaging in conduct subject to penalty under 26 U.S.C. § 6701 and from preparing federal tax returns for others.

### Count III - Injunction Under 26 U.S.C. § 7402

35. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-34 above.

36. Section 7402 of the I.R.C., 26 U.S.C. § 7402, authorizes the Court to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," and further provides that such injunctive relief is "in addition to and not exclusive of any and all other remedies."

37. As set forth above, Defendants continually and repeatedly engaged in conduct that substantially interfered with the administration and enforcement of the internal revenue laws. Further, unless enjoined from preparing tax returns for others, they are likely to engage in such conduct in the future.

38. In light of Defendants' involvement in the tax fraud scheme and other fraudulent and deceptive conduct, the United States will be exposed to the risk of irreparable injury if they are not barred from preparing tax returns for others.

39. Specifically, in the absence of an injunction, the United States will be put at risk of providing tax refunds to taxpayers not entitled to such refunds due to Defendants' preparation of tax returns for those taxpayers that do not report or pay the correct amounts of federal taxes owed. In that event, the IRS will have to devote substantial time and resources to identifying and locating Defendants' customers and examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

40. Enjoining Defendants from preparing tax returns for others is in the public interest because an injunction will prevent the recurrence of illegal conduct and the harm such conduct will cause to the United States and the public.

41. The Court should therefore order injunctive relief under 26 U.S.C. § 7402(a).

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

a. Finds that Defendants Cervone and Peopleworks have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701 and that injunctive relief pursuant to 26 U.S.C. §§ 7407 and 7408 is appropriate to prevent recurrence of such illegal conduct;

    b.    Finds that Defendants Cervone and Peopleworks repeatedly engaged in conduct that interfered with the enforcement of the internal revenue laws and that injunctive relief against them is appropriate to prevent recurrence of such conduct pursuant to 26 U.S.C. §§ 7402, 7407, and 7408;

    c.    Enjoins, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Cervone and Peopleworks—either directly or by acting in concert with others—from preparing or assisting in the preparation or filing of federal tax returns or other tax related documents for others;

    d.    Enjoins, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Cervone and Peopleworks from owning, managing, controlling, working for, profiting from, or volunteering for any entity engaged in tax return preparation;

    e.    Enjoins, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Cervone and Peopleworks from engaging in any conduct that violates 26 U.S.C. §§ 6694, 6695, or 6701;

    f.    Enjoins, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Cervone and Peopleworks from engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

    g.    Authorizes the United States to take such steps as necessary, including but not limited to post-judgment discovery, to monitor and ensure compliance with the Court's injunction against Cervone and Peopleworks; and

    h.    Grants such further relief as the Court deems appropriate.

Dated: New York, New York
      June 10, 2019

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York

                    By: _____
                                ALEXANDER J. HOGAN
                                Assistant United States Attorney
                                86 Chambers Street, 3rd Floor
                                New York, New York 10007
                                Tel. No. (212) 637-2799
                                Fax No. (212) 637-2686
                                Email: alexander.hogan@usdoj.gov